IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00539-WYD

PEYMAN R. BAHADORI,

     Applicant,

vs.

KEVIN MILYARD (Warden), Sterling Correctional Facility, and
JOHN SUTHERS, Colorado Attorney General,

     Respondents.

---

ORDER OF DISMISSAL

---

Applicant Peyman R. Bahadori is a prisoner in the custody of the Colorado

Department of Corrections at the Sterling, Colorado, Correctional Facility.  He has filed

a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

challenging his Colorado state conviction in Denver District Court, Case No. 02CR3982.

Respondents have filed an Answer to the Application.  Mr. Bahadori has filed a

Traverse with a supporting Memorandum of Points and Authorities (collectively

"Traverse").  I must construe the Application and other papers filed by Mr. Bahadori

liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S.

519, 520-21(1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir.1991).  However, I

should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the

reasons stated below, the Application will be denied, and the action will be dismissed.

*I. FACTUAL AND PROCEDURAL BACKGROUND*

Mr. Bahadori was convicted by a Denver District Court jury of second degree kidnapping, second degree burglary of a dwelling, and felony menacing in April 2003. (Application at 1-2.) The charges stemmed from an incident which occurred in June 2002. According to the Colorado Court of Appeals:

> [Mr. Bahadori] entered the victim's workplace, falsely claimed to be a federal agent, and, at gunpoint, demanded that the victim produce identification. When the victim failed to produce identification, defendant handcuffed him, forced him into defendant's car, and drove to the victim's home. During a burglary of the victim's home, defendant used his gun to threaten the victim's employer, who walked in on the burglary and challenged the validity of the [Mr. Bahadori's] badge.

*People v. Bahadori*, No. 03CA1003 (Colo. App. April 28, 2005) (not selected for publication), Answer appx. F at 1. Mr. Bahadori represented himself at trial.

Following his jury trial, Mr. Bahadori was found guilty of three habitual criminal counts and was sentenced to serve a sixty-year prison term. (State Trial Court Record ("R.") at 124; Trial Transcript ("Tr. Trans.") Vol. 7.)

Mr. Bahadori filed a direct appeal challenging the trial court's jurisdiction and imposition of a sentence under the Colorado habitual criminal statute. (Answer appx. C.) The state appellate court affirmed his sentence and the trial court's denial of his jurisdictional motion. (*Id.* appx. F at 5-9.) Applicant's request for certiorari review in the Colorado Supreme Court was denied on January 23, 2006. (Answer appxs. G, H.)

Mr. Bahadori then filed a motion for post conviction relief pursuant to Colo. Crim. P. Rule 35(c), which the trial court denied on January 4, 2007, without an evidentiary hearing. (R. at 185-21; Answer appx. B.) The state appellate court affirmed. *People v.*

*Bahadori*, No. 06CA0058 (Colo. App. April 12, 2007) (not selected for publication),

(Answer appx. L.)   Applicant's request for certiorari review with the Colorado Supreme

Court was denied on August 13, 2007.  (Answer appxs. M, N.)

Mr. Bahadori filed his § 2254 Application in this Court on March 17, 2008,

asserting the following claims:

> (1) his Fifth, Sixth and Fourteenth Amendment rights were violated because the state trial court lacked jurisdiction over criminal charges arising from alleged conduct that occurred outside the City and County of Denver; and, the information was legally insufficient as to the details of the alleged offenses;

> (2) his trial counsel was constitutionally ineffective in failing to: (a) prepare adequately for the preliminary hearing because counsel was more interested in having Mr. Bahadori accept a plea agreement; (b) challenge the trial court's jurisdiction; (c) consult meaningfully with Mr. Bahadori before trial; (d) investigate and interview prosecution witnesses; and, (e) investigate and advise Mr. Bahadori about the deportation consequences relevant to his possible acceptance of a plea agreement;

> (3) appellate counsel was constitutionally ineffective in failing to consult with Mr. Bahadori and in failing to raise meritorious issues on appeal; and,

> (4) Mr. Bahadori was denied his due process right to a fair trial because: (a) the trial court lacked jurisdiction and venue over the criminal charges; (b) he was prejudiced by the prosecution's late disclosure of discovery and the trial court forced him to proceed to trial unprepared or forfeit his right to speedy trial; and, (c) he was forced to appear at trial in jail attire and leg restraints.

Mr. Bahadori also asserts a claim in his Traverse that he was compelled to

proceed *pro se* at trial because of counsel's ineffective representation, in violation of the

Sixth Amendment.  (Traverse at 2, 19).

I find, and Respondents concede, that the Application is timely under 28 U.S.C. §

2244(d).

*II. PROCEDURAL BAR*

Respondents argue that Mr. Bahadori failed to exhaust state remedies for his first claim, and for most of the issues raised in his second, third and fourth claims. (Answer, at 7-11.)  Respondents further contend that because Applicant no longer has a state remedy available to him, the claims are procedurally defaulted**.**  (*Id.* at 11-12.)  Pursuant to 28 U.S.C. § 2254(b)(1), a petition for a writ of habeas corpus may not be granted unless it appears that the petitioner has exhausted state remedies or that no adequate state remedies are available or effective to protect the petitioner's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845  (1999) (a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir.1994).   A claim has been exhausted when it has been "fairly presented" to the state court as a federal constitutional violation.  *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).   The exhaustion requirement is not to be overlooked lightly. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir.1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.1992).

*A.  Claim One*

For his first claim, Mr. Bahadori asserts that his Fifth, Sixth and Fourteenth Amendment rights were violated because the state trial court lacked jurisdiction and

venue over the charges of burglary and felony menacing, which arose out of alleged conduct that occurred outside the City and County of Denver; and, the information was insufficient as to the details of the alleged offense.  (Application, attachment at 1-6.)  Respondents argue that Mr. Bahadori failed to exhaust this claim because he challenged jurisdiction in the state courts on grounds different from the basis for his federal habeas claim.  (Answer 7-8.)  Respondents maintain that the first claim is procedurally defaulted because a state remedy is no longer available to Applicant.  (*Id.* at 11-12.)

I do not resolve the exhaustion and procedural default issues raised by Respondents for two reasons.  First, Mr. Bahadori's jurisdictional challenge presents a question of state law not cognizable on federal habeas review.  "Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994); *see also Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Mr. Bahadori challenged the trial court's subject matter jurisdiction on direct appeal of his convictions.  In resolving that claim, the Colorado Court of Appeals determined:

> Here, there is no doubt that, under Colorado law, the trial court had jurisdiction to hear defendant's case.  Under the Colorado Constitution, district courts have jurisdiction over felony criminal cases.  Colo. Const. art. VI, § 9. . . Thus, criminal jurisdiction over felonies committed in

Colorado generally extends to all district courts in the state. [citations omitted].

The prosecution charged defendant with three felonies, all of which occurred in Colorado, and prosecuted defendant in Denver District Court. [citations omitted]. Thus, as a matter of law, the district court had jurisdiction over defendant's case.

(Answer appx. F at 4-5.)

I am bound by the state appellate court's determination that Mr. Bahadori was subject to the jurisdiction of the trial court under Colorado law. *See Lambert v. Workman*, 594 F.3d 1260, 1264 (10th Cir. 2010) (the state court's understanding of its own jurisdictional authority is binding on the federal habeas court). Applicant has not demonstrated that the trial court's proper exercise of jurisdiction under state law implicated his federal constitutional rights. His challenge to the sufficiency of the information under state law is likewise unavailing. *See Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999).

Second, to the extent Mr. Bahadori attacks the sufficiency of the information on federal constitutional grounds, he failed to raise the federal issue on direct appeal or in his post conviction proceeding. (Answer appxs. C, J.) Mr. Bahadori's unexhausted claim is procedurally barred from federal habeas review if it is clear that "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). A claim that the trial court lacked subject matter jurisdiction is exempt from Colorado's procedural bar against successive or stale post conviction motions, and Mr. Bahadori may yet have a state court remedy for that

claim. *See* Colo. Crim. P. Rule 35(c)(3)(VII) (d); COLO.REV.STAT. ("C.R.S.") § 16-5-402(2)(a) (2009).

I note, however, that Mr. Bahadori's challenge to the sufficiency of the information does not necessarily implicate the trial court's subject matter jurisdiction. *See U.S. v. Cotton*, 535 U.S. 625, 630-31 (2002). Even if it does, I may deny the claim on the merits without resolving the issue of exhaustion and procedural default. *See* 28 U.S.C. 28 U.S.C. §2254(b)(2); *Patton v. Mullin*, 425 F.3d 788, 795 (10th Cir. 2005).

"It is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (internal quotation marks omitted); *see also Johnson*, 169 F.3d at 1252 (a charging instrument must provide the defendant with adequate notice of the nature and cause of the accusations filed against him). Here, the information sets forth the elements and the bases of the offenses charged against Mr. Bahadori. (R. at 1.) There was no uncertainty or ambiguity in the information that could have prejudiced Applicant in preparing his defense. Accordingly, I find and conclude that there is no merit to Mr. Bahadori's claim that his information was constitutionally inadequate. Applicant's first claim is denied.

*B. Claim Two*

Respondents argue that all but one of the bases for Mr. Bahadori's ineffective assistance of counsel claim are unexhausted because he did not assert the allegations

as part of his ineffective assistance of counsel claim raised in the state courts.  (Answer at 8-9.)  Respondents further maintain that the unexhausted claims are procedurally defaulted.  (*Id.* at 11-12.)  I agree with Respondents, in part.

Mr. Bahadori raised an ineffective assistance of counsel claim in his post conviction proceeding, but did not assert that counsel was ineffective in failing to: prepare adequately for the preliminary hearing; challenge the trial court's jurisdiction; consult meaningfully with Mr. Bahadori; or, advise Mr. Bahadori about the deportation consequences of a guilty plea.  (R. at 197-201; Answer appx. J at 6-9.)  The exhaustion requirement is not satisfied where a habeas petitioner's ineffective assistance of counsel claim is based on different reasons than those presented to the state courts. *See Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

I find that Mr. Bahadori has procedurally defaulted the unexhausted issues because further review in the state courts is not available.  *See Coleman*, 501 U.S. at 735 n.1.  A federal habeas court "does not address issues that have been defaulted in state court on an independent and adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir.1998) (citations omitted); *see also Coleman*, 501 U.S. at 735 n.1.  If Mr. Bahadori were to raise a new ineffective assistance of counsel claim in the state trial court, the claim would be denied as successive under Colo. Crim. P.  Rule 35(c)(3) because it could have been presented in the earlier post conviction proceeding.  *See* Colo. Crim. P. Rule 35(c)(3)(VII); *Turman v. Buckallew,* 784 P.2d 774, 780 (Colo. 1989) ("We have emphasized that where a post-conviction

application is filed, it should contain all factual and legal contentions of which the applicant knew at the time of filing, and failure to do so will, unless special circumstances exist, ordinarily result in a second application containing such grounds being summarily denied.") (internal quotation marks omitted).  Additionally, any new claim would be time-barred under C.R.S. § 16-5-402 (2009).  *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir.1995) (stating that the time limitation established by C.R.S. § 16-5-402 is a firmly established and regularly followed procedural rule).  Because Mr. Bahadori has failed to show that any of the exceptions to Colo. Crim. P. Rule 35(c)(3) or C.R.S. § 16-5-402 apply to his ineffective assistance of counsel claim, no further remedy exists for him in the state courts.  He must therefore satisfy the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default.

"Cause" for a procedural default exists when some objective factor external to the defense impeded the petitioner or his counsel from complying with the state procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Mr. Bahadori does not allege any external cause for his failure to raise the unexhausted bases for his ineffective assistance of trial counsel claim on direct appeal or in his post conviction motion under Colo. Crim. P. Rule 35(c).  Moreover, he cannot claim ineffective assistance of appellate counsel as cause for his procedural default because he does not allege the same deficiencies in trial counsel's representation as were asserted as part of his claim of ineffective assistance of appellate counsel in the state courts.  (R. at 202; Answer appx. J at 10-11.)  *See Edwards v. Carpenter*, 529

U.S. 446, 451-52 (2000) ("[I]neffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim . . . [and] . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks omitted); *see also Spears v. Mullin*, 343 F.3d 1215, 1256 (10th Cir. 2003). Additionally, Applicant's *pro se* status is insufficient to constitute "cause" for his procedural default. *Klein*, 45 F.3d at 1400. Mr. Bahadori has therefore failed to satisfy the cause and prejudice standard.

I further find that Mr. Bahadori's conclusory assertions in his Traverse that he is actually innocent of the crimes does not meet the colorable showing of factual innocence required to fall within the narrow fundamental miscarriage of justice exception to the procedural default doctrine. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (habeas petitioner claiming actual innocence must demonstrate that "it is more likely than not that no reasonable juror would have found petitioner him guilty beyond a reasonable doubt"); *Murray*, 477 U.S. at 496. Accordingly, I do not reach the merits of the procedurally defaulted issues asserted in claim two.

I further find, however, that Mr. Bahadori exhausted his allegation in claim two that trial counsel was constitutionally ineffective in failing to investigate and interview witnesses in preparation for trial because counsel was more interested in persuading Petitioner to accept a plea agreement. Mr. Bahadori presented that issue to the state trial and appellate courts in his post conviction proceeding. (R. at 197-201; Answer appx. J at 6-9.)

Mr. Bahadori also alleges in his Traverse a derivative claim that he was compelled to proceed *pro se* at trial because of counsel's ineffective assistance, in violation of the Sixth Amendment. (Traverse at 2). Respondents did not address this claim in their Answer because it was not clearly articulated by Applicant until he filed his Traverse. However, I construe the Application liberally to include the claim and finds that Mr. Bahadori exhausted it in his state court post conviction proceeding. (R. at 200; Answer appx. J at 8-9.) *See Day v. McDonough*, 547 U.S. 198, 214 (2006) (stating that federal courts may address the exhaustion issue sua sponte) (citing *Granberry v. Greer*, 481 U.S. 129, 133 (1987)).

Finally, I address briefly the applicability of Colo. App. R. 51.1 to the exhaustion requirement because it appears that Mr. Bahadori did not present the substance of his federal claim to the Colorado Supreme Court in his petition for certiorari review. Rule 51.1, adopted on May 18, 2006 while Applicant's state post conviction proceeding was pending, states that a litigant need not appeal to the Colorado Supreme Court in order to satisfy the exhaustion requirement.[1] Under *O'Sullivan*, a habeas petitioner need only present his claim to the state's highest court if review in that court is available. 526 U.S.

---

[1]Colo. App. R. 51.1 provides:

 [i]n all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

at 845.  I have recognized previously that Rule 51.1 eliminates the requirement that a defendant seek discretionary review by the Colorado Supreme Court before filing a federal habeas petition.  *See Harris v. Zavaras*, No. 07-cv-02137-WYD, 2009 WL 4506412 at *5 (D. Colo. Dec. 4, 2009).  Additionally, four circuit courts have concluded that similar state court rules rendered review in the state's highest court unavailable. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).  Accordingly, I find that Mr. Bahadori was not required to present his claims to the Colorado Supreme Court as a prerequisite to federal habeas review.

I will therefore address the merits of Applicant's claim that his trial counsel was ineffective in failing to investigate and interview witnesses in preparation for trial, as well as Mr. Bahadori's derivative claim that he was compelled to proceed *pro se* because of trial counsel's ineffective representation.

*C.  Claim Three*

Mr. Bahadori next claims that his appellate counsel was constitutionally ineffective in failing to consult with him and in failing to raise meritorious issues on appeal, such as the trial court's lack of jurisdiction and ineffective assistance of trial counsel.  (Application, attachment at 11-12.)  Mr. Bahadori further alleges in his Traverse that appellate counsel should have raised additional claims challenging: the sufficiency of the criminal complaint and venue; the prosecution's failure to comply with its discovery obligations under Colo. Crim. P. Rule 16; and, Applicant's appearance at

trial in jail clothing and leg restraints. (Traverse, at 21.) Respondents contend that Mr. Bahadori did not fully exhaust his third claim because the only asserted basis for this claim in the state courts was appellate counsel's failure to challenge the effective assistance of trial counsel on grounds different from those asserted by Mr. Bahadori in his § 2254 Application. (Answer at 10.) Respondents thus argue that Applicant's claim is procedurally defaulted. (*Id.* at 11-12.)

I find that Mr. Bahadori exhausted the bases for his ineffective assistance of appellate counsel claim, with the exception of his assertions that appellate counsel should have challenged the sufficiency of the criminal complaint and Mr. Bahadori's appearance at trial in jail clothing and leg restraints. Mr. Bahadori failed to raise a claim in the state courts that counsel was ineffective in failing to challenge the sufficiency of the information and Applicant's appearance at trial in jail clothes. (R. at 201-203; Answer Appx. J at 10-11.) Although Mr. Bahadori argued to the state trial court that counsel should have challenged his appearance at trial in leg restraints, he did not present that claim to the Colorado Court of Appeals. (R. at 201-203; Answer Appx. J at 10-11.) A claim must be presented to the state's appellate court to be exhausted. *See O'Sullivan*, 526 U.S. at 845; *Dever*, 36 F.3d at 1534. I further find that the unexhausted issues are procedurally defaulted because Mr. Bahadori has not met the cause and prejudice standard, or demonstrated that he falls within the narrow fundamental miscarriage of justice exception to excuse his procedural default. I find that the remaining issues raised in claim three were exhausted in Mr. Bahadori's state post conviction proceeding and I will therefore reach the merits of those issues.

13

*D. Claim Four*

Respondents contend that Mr. Bahadori's fourth claim asserting a deprivation of his due process right to a fundamentally fair trial presents two issues that were not raised in the state courts: (1) the trial court lacked subject matter jurisdiction; and, (2) Applicant was compelled to choose between his Sixth Amendment right to self-representation and his Sixth Amendment speedy trial right. (Answer at 10-11.) Respondents argue that those issues are procedurally defaulted. (*Id.* at 11-12.) Respondents concede that Mr. Bahadori exhausted the remainder of claim four concerning the prosecution's late disclosure of discovery and Applicant's appearance at trial in jail clothing and restraints. (*Id.* at 11.)

Applicant's contention that the trial court's lack of subject matter jurisdiction rendered his trial fundamentally unfair is not materially distinguishable from the jurisdictional challenge asserted in his first claim for relief, which is a matter of state law not cognizable on federal habeas review. S*ee Estelle,* 502 U.S. at 67-68.

I agree with Respondents that the issue of constitutional compulsion is procedurally defaulted. Mr. Bahadori claimed in the post conviction proceeding that he was prejudiced by the prosecution's late disclosure of discovery and argued to the trial court that he was forced to proceed to trial unprepared, in violation of his Sixth Amendment right, so as to preserve his constitutional right to speedy trial. (R. at 209-10.) However, in his post conviction appeal, Applicant claimed only that he was prejudiced by the prosecution's late discovery disclosure and did not assert an unconstitutional compulsion claim. (*Id.* appx. J, at 19-20.) Applicant failed to exhaust

the constitutional compulsion issue in the state courts and it is procedurally defaulted. *See O'Sullivan*, 526 U.S. at 845; *Dever*, 36 F.3d at 1534. Because Mr. Bahadori has not met the cause and prejudice standard, or the narrow fundamental miscarriage of justice exception to excuse his procedural default, I do not reach the merits of that issue.

I address below the merits of the issues raised in claim four concerning the prosecution's late disclosure of discovery and Applicant's appearance at trial in jail clothing and restraints.

*III. STANDARD OF REVIEW ON MERITS*

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court, unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1). *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final. *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). Clearly established

federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id*. at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1). *See id*. at 1018. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard [v. Boone]*, 468 F.3d [665,] 669 [ (10th Cir. 2006) ] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).

> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts.  *Id*. at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House,* 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective one. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Bahadori bears the burden of rebutting the presumption by clear and convincing evidence.

Additionally, I "owe deference to the state court's result, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [the court's] independent review of the record and pertinent federal law persuades [it] that [the] result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his

17

'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.* Finally, if the state courts failed to adjudicate a federal claim raised by Mr. Bahadori, I consider the claim de novo and the deferential AEDPA standard of review does not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

## IV. MERITS OF THE CLAIMS

### A. Claim Two

As noted above, the only part of claim two that remains in this action is Mr. Bahadori's assertion that his trial counsel was constitutionally ineffective in failing to investigate and interview prosecution witnesses in preparation for trial because counsel was more interested in having Applicant accept a plea agreement. (Application, attachment at 7-10.) I also address the merits of Mr. Bahadori's derivative claim that counsel's deficient performance compelled him to waive his constitutional right to counsel and proceed *pro se* at trial, in violation of the Sixth Amendment. (Traverse at 2.)

#### 1. Ineffective Assistance of Trial Counsel

Applicant asserts that his trial counsel was constitutionally ineffective in failing to investigate and interview prosecution witnesses in preparation for trial because counsel was more interested in having Applicant accept a plea agreement. Claims of ineffective assistance of counsel present mixed questions of law and fact. *See Bland*, 459 F.3d at 1030. To prevail on his claim, Mr. Bahadori must show that: (1) counsel's legal representation fell below an objective standard of reasonableness; and (2) "the deficient

performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel's decisions are presumed to represent "sound trial strategy;" "[f]or counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999) (internal quotations omitted). Prejudice exists when there is a reasonable probability that, but for counsel's defective representation, the result of the proceeding would have been different. *Id.* at 693. In evaluating prejudice, I consider the totality of the evidence before the jury. *Id.* at 695. Conclusory allegations that do not specifically state the factual basis of an ineffective assistance of counsel claim are insufficient under either prong of *Strickland*. *See Cummings*, 506 F.3d at 1233-34. I need not address both prongs of the *Strickland* inquiry if I determine that Applicant fails on one. *Id.* at 697.

The state trial court denied Mr. Bahadori's ineffective assistance of counsel claim in toto, finding that his assertions supporting the claim were conclusory, and even if counsel's conduct did fall below the standard of professional reasonableness, the Applicant had failed to show prejudice as a result. (Answer appx. B at 4.) The state appellate court affirmed the trial court's order, concluding that the "trial court issued a detailed ruling after a thorough review of the record and based on the correct application of law" and Mr. Bahadori had failed to point to anything in the record to support a conclusion that the trial court erred in denying his ineffective assistance of counsel claim. (Answer appx. L at 5.)

Mr. Bahadori's allegation in his habeas application that counsel did not

investigate and interview prosecution witnesses prior to trial is conclusory. *See Cummings*, 506 F.3d at 1233-34. However, I will also consider Mr. Bahadori's allegations in the state court proceeding. Applicant asserted in the state courts that if counsel had interviewed the victim, he would have learned that the victim was not kidnapped by Mr. Bahadori, but instead asked Mr. Bahadori to take him to the victim's house. (R. at 199.) Applicant further alleged that counsel's proper investigation of the facts would have revealed that he entered the victim's house with a police escort, and, therefore, did not commit a burglary. (Answer appx. J at 8.) I note that with regard to both allegations Applicant could have cross examined the victim and the police officers on these issues at trial and has thus failed to establish that he was prejudiced by counsel's failure to interview the victim or escorting police officer. Moreover, counsel's representation was terminated at Mr. Bahadori's request approximately six weeks before trial. (*See generally* Tr. Trans. Vol. 2.) At that point Applicant was obliged to prepare his own defense and interview witnesses to the extent he deemed necessary.

Further, I find that counsel's advice that Mr. Bahadori should accept a plea agreement with a recommended prison sentence between twelve and twenty-four years, *see* Application, attachment at 8, was not objectively unreasonable, given that Applicant was facing a sixty-year prison sentence if convicted at trial and on the habitual criminal counts.

In sum, Applicant has failed to demonstrate any objectively unreasonable conduct by counsel in investigating the case, or that Applicant was prejudiced as a result. Accordingly, I find and conclude that state appellate court's determination of Mr.

20

Bahadori's ineffective assistance of trial counsel claim was not contrary to, or an unreasonable application of, *Strickland*. *See Aycox*, 196 F.3d at 1178.

2. *Denial of Sixth Amendment Right to Counsel*

Next, I address Mr. Bahadori's claim that he was forced to represent himself at trial because counsel was unprepared and was more interested in persuading Applicant to plead guilty. It is unclear whether the state courts ruled on this claim in the state post conviction proceeding. However, Applicant's claim fails under either the AEDPA deferential standard of review or this Court's de novo review.

A defendant's waiver of his Sixth Amendment right to be represented by counsel satisfies the Sixth Amendment if it is knowing, intelligent and voluntary. *United States v. Padilla*, 819 F.2d 952, 955-56 (10th Cir. 1987); *United States v. Taylor*, 113 F.3d 1136, 1140 (10th Cir. 1997). The voluntariness inquiry focuses upon whether the defendant's objections to existing counsel are such that he had a right to new counsel. *Padilla*, 819 F.2d at 955. In other words, the reviewing court must be satisfied that the defendant was not compelled to choose between inadequate representation by an unprepared counsel and conducting his own defense. *Id.* A refusal to proceed with competent appointed counsel without good cause is a voluntary waiver. *Taylor,* 113 F.3d at 1140. "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Padilla*, 819 F.2d at 955 (internal quotation marks omitted).

The trial court record demonstrates that Mr. Bahadori did not establish a right to new counsel. Applicant filed a written motion to proceed *pro se* in February 2003 at the trial court's request after he asked the court twice during motions hearings if he could terminate counsel's representation and represent himself without articulating a basis for the request. (R. at 22; Tr. Trans. Vol. 1 at 2-7, Vol. 3, afternoon session at 3-8.) Mr. Bahadori's written motion simply asked the trial court to grant him his Constitutional right to proceed *pro* se. (R. at 22.) Applicant did not advise the court in the motion, or during the subsequent hearing, that he was dissatisfied with counsel's performance or that counsel was not preparing for trial. (*Id.;* and *see generally* Vol. 2.) Moreover, Mr. Bahadori did not ask the court to appoint different counsel to represent him. (*Id.*)

In addition, Mr. Bahadori has not demonstrated that counsel's performance fell below an objective standard of reasonableness. As discussed above, Applicant's allegations that counsel did not investigate and interview witnesses are conclusory. Counsel's recommendation that Applicant accept a plea agreement was not objectively unreasonable given the maximum prison sentence that Applicant faced. Further, the state court record reflects that counsel filed a motion requesting specific discovery from the prosecution and a pre-trial motion to suppress on Mr. Bahadori's behalf. (R. at 9, 14.) Applicant also admits that counsel met with him on at least a dozen occasions for approximately thirty minutes each time. (Application, attachment at 8.)

Under the circumstances, I find that the choice given Mr. Bahadori to proceed with existing counsel or represent himself was constitutionally permissible, and,

therefore, Applicant's decision to waive his right to counsel and proceed *pro se* was voluntary.  *See Padilla*, 819 F.2d at 956.

To complete the constitutional analysis, I further find that Mr. Bahadori understood the import of his waiver of counsel and the hazards inherent in self-representation when he decided to proceed *pro* se.  *See Faretta v. California*, 422 U.S. 806, 835 (1975) (defendant intending to represent himself must be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open") (internal quotation marks omitted).  A waiver of counsel is knowing and intelligent if the record establishes that the defendant was advised of and understood the "nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."  *Padilla*, 819 F.2d at 956-57 (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723-24 (1948)).  I have reviewed the transcript of the state trial court's hearing on Mr. Bahadori's motion to proceed *pro se* and find that the court thoroughly and carefully advised the Applicant in accordance with the requirements outlined in *Padilla.*  (Tr. Trans. Vol. 2 at 4-18.)  Accordingly, I find that Mr. Bahadori's decision to proceed *pro se* was knowing and intelligent. *See also Sanchez v. Mondragon*, 858 F.2d 1462, 1465 (10th Cir. 1988) (federal habeas petitioner must demonstrate that he was not adequately informed of the hazards of self-representation).

23

I therefore find and conclude that to the extent the state appellate court addressed Applicant's claim that his waiver of counsel was compelled by counsel's deficient performance, the appellate court's determination was not contrary to or an unreasonable application of federal law, nor was it unreasonable in light of the evidence presented. Mr. Bahadori's claim of involuntary waiver of counsel also fails on the merits under a de novo standard of review.

*B. Claim Three*

The issues remaining in Mr. Bahadori's third claim are his allegations that his appellate counsel was constitutionally ineffective in failing to consult with Applicant and in failing to raise the following issues on appeal: the trial court's lack of jurisdiction; ineffective assistance of trial counsel; and, the prosecution's failure to comply with its discovery obligations under Colo. Crim. P. Rule 16. (Application, attachment at 11-12; Traverse at 21.)

The state trial court denied Mr. Bahadori's ineffective assistance of appellate counsel claim, finding that he had failed to identify a meritorious issue omitted by counsel on direct appeal and, therefore, was not prejudiced as a result. (Answer appx. B at 4-5.) The Colorado Court of Appeals affirmed the trial court's order without further analysis as a correct application of law based on the record before the court. (Answer appx. L at 5.)

I apply the *Strickland* standard in analyzing Applicant's claim that his appellate counsel provided constitutionally inadequate assistance. *See Knowles v. Mirzayance,* ___ U.S. ___, 129 S. Ct. 1411, 1419 (2009) ("[T]his Court has repeatedly applied [the

*Strickland* ] standard to evaluate ineffective-assistance-of- counsel claims where there is no other Supreme Court precedent directly on point."). When the basis for an ineffective assistance claim is appellate counsel's failure to raise an issue, I must look at the merits of the omitted issue. *Cargle v. Mullin,* 317 F.3d 1196, 1202 (10th Cir. 2003). If the omitted issue is without merit, the failure to raise it is not deficient performance. *Id.*

Mr. Bahadori's claim based on appellate counsel's alleged failure to object to the trial court's jurisdiction on direct appeal fails because counsel raised the jurisdictional issue to the state appellate court, albeit in the form of an *Anders*[2] claim. Applicant cannot demonstrate under the second prong of the *Strickland* inquiry that he was prejudiced by counsel's method of presentation of the jurisdictional issue because the state court resolved the claim on the merits. (Answer appxs. C, F.)

I find that appellate counsel's failure to raise an ineffective assistance of trial counsel claim on appeal was not deficient because that claim is without merit, as discussed above with regard to Applicant's second claim. *See Cargle*, 317 F.3d at 1202; *see also Coronado v. Ward*, 517 F.3d 1212, 1216 (10th Cir. 2008) (habeas petitioner must demonstrate that trial counsel's performance was constitutionally defective to prevail on claim that appellate counsel was ineffective in failing to assert ineffective assistance of trial counsel claim).

---

[2]*Anders v. California*, 386 U.S. 738, 744 (1967) (where court-appointed counsel determines that an appeal is frivolous, counsel should so advise the court, request permission to withdraw, and supply an accompanying brief referring to anything in the record that might support the appeal).

Mr. Bahadori's claim that appellate counsel should have asserted a claim challenging the prosecution's violation of its discovery obligations under Colo. Crim. P. Rule 16 fails because Applicant raised that claim himself in his post conviction motion and the state appellate court addressed it on the merits. (Answer appx. B at 3, appx. L at 3, 5.) Applicant thus cannot show that he was prejudiced by appellate counsel's failure to raise the issue on direct appeal.

Finally, I find that Mr. Bahadori was not prejudiced by appellate counsel's failure to consult with him regarding the appeal where the consultation would have involved a discussion of unmeritorious issues and issues raised by Applicant and resolved against him by the state courts in a later post conviction proceeding.

Accordingly, I find and conclude that the state appellate court's summary determination of Applicant's claim that his appellate counsel was constitutionally ineffective was not contrary to, or an unreasonable application of, *Strickland. See Aycox*, 196 F.3d at 1178.

## C. Claim four

For his fourth and final claim, Mr. Bahadori asserts that he was denied his due process right to a fundamentally fair trial because he was prejudiced by the prosecution's disclosure of discovery one day before trial, in violation of Colo. Crim. P. Rule 16, and the trial court failed to provide an adequate remedy for the same. Applicant further maintains that he was deprived of a fair trial because he was compelled to appear in jail clothes and leg restraints. (Application attachment at 13-14.) I address each of these allegations in turn below.

*1. Late Disclosure of Discovery*

Mr. Bahadori alleges that he was deprived of his due process right to a fair trial by the prosecution's late disclosure of discovery, in violation of Colo. Crim. P. Rule 16. Failure to disclose discovery materials in violation of a state procedural rule is an error of state law that does not implicate the federal Constitution, unless the materials were material and favorable to the defense and the late disclosure sufficiently prejudiced the Applicant so as to deprive him of the fundamental fairness required by the Due Process Clause. *Estelle*, 502 U.S. at 67-68; *see also Brady v. Maryland*, 373 U.S. 83 (1963); *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

"'As long as ultimate disclosure is made before it is too late for the defendant to make use of any benefits of the evidence, Due Process is satisfied.'" *United States v. Mendez*, 514 F.3d 1035, 1047 (10th Cir. 2008) (quoting *United States v. Warhop*, 732 F.2d 775, 777 (10th Cir.1984)). "[T]he relevant standard of materiality [in a late disclosure case] does not focus on the trial preparation, but instead on whether earlier disclosure would have created a reasonable doubt of guilt that did not otherwise exist." *United States v. Scarborough*, 128 F.3d 1373, 1376 (10th Cir. 1997).

The trial court rejected Applicant's argument that he was denied a fair trial as a result of the prosecution's alleged late discovery disclosure based on the court's factual findings that the discovery was provided to Applicant's counsel before counsel's representation was terminated and counsel shared the  information with Applicant. (Answer appx. B at 3.)  The Colorado Court of Appeals affirmed the trial court's order without further analysis. (Answer appx. L at 3, 5.)

The trial court's factual findings that the prosecution produced discovery to defense counsel in a timely manner and that counsel shared the discovery with Applicant are presumed correct in this federal habeas proceeding, unless Applicant rebuts those findings with clear and convincing evidence. 28 U.S.C. §2254(e)(1). The state court record reflects that the trial court granted Mr. Bahadori leave to proceed *pro se* and ordered the prosecution to provide discovery to him approximately one month before trial. (Tr. Trans. Vol. 2 at 38; Vol. 4, morning session at 6.) The prosecution failed to comply with the court's order. (*Id.*) The day before trial the court ordered the prosecution to produce the discovery to Mr. Bahadori immediately. (*Id.*) The prosecutor complied, and also advised the court that she had spoken to Mr. Bahadori's former defense counsel who confirmed that he had received discovery from the prosecution and shared it with Mr. Bahadori before counsel's representation was terminated. (*Id.*, Vol. 4, afternoon session at 25.) Applicant's unsworn assertion that his counsel "never showed or discussed the discovery with the [petitioner]," Traverse, at 2, does not constitute clear and convincing evidence to refute the trial court's findings that he received the discovery from defense counsel at an earlier time. Accordingly, I presume that the trial court's findings are correct.

Even assuming that the discovery was not disclosed to Applicant until the eve of trial, he cannot prevail on a due process claim absent a showing that the information was material and favorable to the defense, and that it was too late for him to make use of it. *See Strickler,* 527 U.S. at 281-82; *Mendez*, 514 F.3d at 1047. Applicant states in a sworn affidavit that had the discovery been disclosed in a timely manner, he would

have been able to demonstrate at trial that: (1) physical evidence introduced by the prosecution belonged to a private investigation service and was not used in the commission of any unlawful activity; (2) witness testimony at trial was different than prior statements given by those witnesses, demonstrating that the witnesses lied at trial; (3) police officer reports and other police memoranda showed that the Aurora police department facilitated the offense and Officer Smith committed perjury when he testified that he believed Mr. Bahadori to be federal agent at the time the crime was committed; (4) a transcript of a 911 call from Mr. Bahadori requesting assistance during the commission of the alleged offenses tended to show that he was not perpetrating a criminal offense; and, (5) the U.S. Attorney's office declined to press federal criminal charges against Mr. Bahadori.  (Traverse, Bahadori Affidavit.)

I find that Applicant has failed to demonstrate that the discovery materials were material to his defense, or that earlier disclosure may have created reasonable doubt as to his guilt.  First, it is irrelevant whether the physical evidence introduced by the prosecution at trial–a handgun and holster, a magazine containing blank rounds, a false federal badge, handcuffs, mace and a temporary vehicle license removed from Mr. Bahadori's vehicle at the time of the offense–belonged to a private investigation service. (Tr. Trans. Vol. 5 at 151-155, 191-192, and 233.)   Mr. Bahadori's guilt was established by the testimony of numerous prosecution witnesses that Mr. Bahadori possessed and used the items during the commission of the charged crimes.  (*See generally* Tr. Trans. Vol. 5.)  Further, Mr. Bahadori declined to cross examine the witnesses about the physical evidence.  (*Id.* at 181, 195, 211, 219, and 226.)

Mr. Bahadori next states that he was prejudiced by the late disclosure of witness statements because the contents of the statements were different from the witness's testimony at trial, thereby demonstrating that the witnesses lied at trial. Applicant has not identified with specificity the alleged discrepancies between any witness statement and the trial testimony. Moreover, Applicant admittedly had copies of the witness statements when the trial commenced and could have cross examined them regarding any inconsistencies between their trial testimony and the earlier statements, but he chose not to do so. *See Knighton v. Mullin*, 293 F.3d 1165, 1174 (10th Cir. 2002) (rejecting *Brady* claim based on late disclosure of witness interview where defendant used the interview statement at trial to cross examine witness) (citing *United States v. Vaziri*, 164 F.3d 556, 564 (10th Cir.1999)).

Mr. Bahadori's contention that he was prejudiced by the late disclosure of police officer reports, a police memorandum, and the transcript of a 911 call, which allegedly show facilitation of the offenses by Aurora police officers, fails for the same reason. The Aurora police officers who responded to the 911 call testified that they provided assistance to Mr. Bahadori only because he deceived them into believing that he was a federal law enforcement officer. (Tr. Trans. Vol. 5, Testimony of Officers Lertch and Crowley.) Applicant declined to cross examine the officers about the contents of the police reports or their conduct at the time the crimes were committed. Mr. Bahadori's description of Denver police officer Smith's testimony is not sustained by the record. (Tr. Trans. Vol. 6 at 220-226.) Applicant also chose not to cross examine Officer Smith about the internal memorandum he prepared after interviewing Mr. Bahadori's employer

about the incident.  (*Id.* at 226.)  Applicant has failed to point to any statement in the police reports, police memorandum, or the 911 call transcript that would have created a reasonable doubt about his guilt had those materials been disclosed earlier.

Finally, information about whether federal criminal charges were filed against Mr. Bahadori was not pertinent to his guilt or innocence of the state crimes for which he was being tried.

In sum, Mr. Bahadori has not demonstrated that earlier disclosure of the prosecution's evidence would have created a reasonable doubt of his guilt that did not otherwise exist.  Applicant has thus failed to show a violation of his federal due process rights.  I therefore find and conclude that the Colorado Court of Appeals' determination that Petitioner was not denied a fair trial as a result of the late discovery disclosure was not contrary to or an unreasonable application of federal law. *See Aycox*, 196 F.3d at 1178.

### 2. Jail Attire and Leg Restraints at Trial

Mr. Bahadori next claims that his due process right to a fair trial was violated when he was required to appear at trial in jail attire and leg restraints.  "The State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes" because of the "unacceptable risk" that the jury might base its decision on "impermissible factors."  *Estelle v. Williams*, 425 U.S. 501, 505, 512 (1976).  However, any claim of constitutional error is waived by the defendant's failure to object which "negate[s] the presence of compulsion necessary to establish a constitutional violation."  *Id.* at 508 (noting that some defendants make a

strategic choice to appear at trial in prison garb in an effort to elicit sympathy from the jury).

The trial court determined that Mr. Bahadori's failure to raise an objection to being tried in jail clothing precluded a claim that his appearance rendered the trial fundamentally unfair. (Answer appx. B at 3.) The state appellate court affirmed the district court's order on appeal summarily. (Answer appx. L at 3, 5.)

Applicant did not object to being tried in jail clothing and therefore cannot show that he was compelled by the court to wear such attire, in violation of the Constitution. A criminal defendant who knowingly and voluntarily elects to represent himself at trial is required to follow the same rules of procedure as an attorney. *See United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977).

Even if a constitutional error occurred at trial, Applicant is not entitled to federal habeas relief unless the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Whitman v. Bartow*, 434 F.3d 968, 970-71 (7th Cir. 2006) (applying *Brecht* to habeas petitioner's claim that he was compelled to stand trial in prison clothes and concluding that overwhelming evidence of the petitioner's guilt precluded habeas relief). The constitutional error at trial must have resulted in "actual prejudice." *Brecht*, 507 U.S. at 637 (internal quotation marks omitted).

Here, the prosecution's uncontroverted evidence at trial demonstrated that Mr. Bahadori committed the crimes charged. (*See generally* Tr. Trans. Vols. 5 and 6.) Applicant declined to cross examine the prosecution witnesses and the testimony of the

two witnesses called by Applicant did not tend to negate the elements of the offenses, as established by the prosecution.  (*Id.*)  I find that Mr. Bahadori's trial did not present a close question of his guilt to the jury such that his appearance in jail garb tipped the scales in favor of the prosecution.  Accordingly, I find and conclude that the state appellate court's disposition of the claim was not contrary to or an unreasonable application of federal law because Applicant did not suffer actual prejudice as a result of being tried in jail clothes.  *See Aycox*, 196 F.3d at 1178.

Applicant also claims that his due process right was violated when he was tried wearing leg restraints.  Because the state trial and appellate courts did not address this claim specifically, I review the claim de novo.  *See Gipson*, 376 F.3d at 1196.  Shackling a defendant during trial is constitutionally prohibited unless "justified by an essential state interest."  *Deck v. Missouri*, 544 U.S. 622, 624 (2005) (citing *Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1986)).  Again, however, Mr. Bahadori must meet the *Brecht* standard to be entitled to federal habeas relief based on an alleged constitutional error at his trial. *See Hatten v. Quarterman*, 570 F.3d 595, 604 (5th Cir. 2009) (concluding upon *Brecht* analysis that habeas petitioner was not entitled to relief on due process claim based on improper shackling at trial where evidence of the petitioner's guilt was overwhelming, regardless of the defendant's appearance); *see also Cox v. Ayers*, 588 F.3d 1038, 1044 (9th Cir. 2009) (same).  The overwhelming evidence of Mr. Bahadori's guilt demonstrates that he did not suffer actual prejudice as a result of being tried in restraints.  I therefore find and conclude that Applicant is not entitled to federal habeas relief on his claim.

Accordingly, it is

ORDERED that Applicant Peyman R. Bahadori's Application for a Writ of Habeas
Corpus Pursuant to 28 U.S.C. § 2254 is **DENIED** and the action is **DISMISSED**
**WITH PREJUDICE**.  It is

FURTHER ORDERED that no certificate of appealability will issue because
Applicant has not made a substantial showing of the denial of a constitutional right.  The
denial of a certificate of appealability is appropriate in this case.

Dated:  July 29, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge